**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7837**

TIMOTHY D. KING-EL,

        Plaintiff - Appellant,

      v.

WILSON, Sgt., Correctional Officer, in his Individual and Official Capacities; SAINT T. TAPP, Unit Manger Assistant, in his Individual and Official Capacities; JEFFERY E. JAMES, Unit Manager, in his Individual and Official Capacities,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:20-cv-00229-MR)

Submitted:  March 5, 2021                     Decided:  March 23, 2021

Before WILKINSON, KING, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Timothy D. King-El, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy D. King-El seeks to appeal the district court's order dismissing some of the claims in his 42 U.S.C. § 1983 complaint for failure to state a claim and dismissing as moot his request for injunctive relief. We dismiss the appeal for lack of jurisdiction.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The portion of the order dismissing King-El's Eighth and Fourteenth Amendment claims and his First Amendment claim against defendant Jeffery E. James is neither a final order nor an appealable interlocutory or collateral order. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015).

The portion of the order dismissing as moot King-El's request for injunctive relief is immediately appealable. *See* 28 U.S.C. § 1292(a)(1); *Nat. Res. Def. Council v. County of L.A.*, 840 F.3d 1098, 1101-02 (9th Cir. 2016). However, we lack jurisdiction over this portion of the appeal because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

2

The district court entered its order on October 26, 2020. King-El filed the notice of appeal on December 10, 2020.* King-El failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date King-El could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).